**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAMARVA MOORER, | ) | CASE NO. 5:10CV457 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| | ) | |
| SUMMIT COUNTY DEPARTMENT OF | ) | |
| JOB AND FAMILY SERVICES, et. al., | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |

The instant case is before the Court on a motion for summary judgment filed by Defendants Summit County Department of Job and Family Services ("Defendant SCDJFS") and Frances Ladd ("Defendant Ladd") (collectively "Defendants"). ECF Dkt. #31. For the following reasons, the Court grants Defendants' motion for summary judgment as to Plaintiff's federal claims of gender discrimination and harassment (count one). *Id*. Since no federal claims remain upon dismissing Plaintiff's first claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims of assault and battery (count two), intentional infliction of emotional distress (count three), and violations of the Ohio Civil Rights Act (count four) against Defendant Ladd.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 3, 2010, Plaintiff filed a complaint in this Court against the above-named Defendants. ECF Dkt. #1. She avers that on or about November 20, 2000, she began her employment with Defendant SCDJFS as a Case Management Specialist and at all relevant times had above satisfactory employment performance. ECF Dkt. #1 at 3. In count one of Plaintiff's complaint, she alleges illegal sex-based employment discrimination against Defendant SCDJFS in

violation of the Civil Rights Act of 1964 and 1991. *Id*. Plaintiff alleges that her supervisor, Defendant Ladd, smacked her on the rear end on or about January 22, 2009. *Id*. at 4. Plaintiff further alleges that Defendant Ladd made comments and unwanted advances of a sexual nature toward Plaintiff for several months preceding this incident. *Id*. Plaintiff states that she informed Defendant Ladd that her advances were unwanted. *Id.* Plaintiff avers that Defendant Ladd's conduct created an uncomfortable and hostile work environment. *Id.* Plaintiff further avers that Defendant Ladd's harassment occurred because of Plaintiff's gender in order to "humiliate, degrade, intimidate and as an exception because of her gender." *Id*. Plaintiff alleges that Defendant Ladd did not treat male employees in this manner. *Id.* Further, Plaintiff states that she has knowledge of other female employees who were harassed by Defendant Ladd. *Id*. at 5.

Plaintiff also alleges that "Ladd's quid pro quo harassment resulted in a tangible and adverse employment action-demotion-which constitutes a tangible reduction in rank." ECF Dkt. #1 at 4-5.

Plaintiff avers that on March 17, 2009, she was forced to perform job duties as a Case Manager, which was outside of her job classification. ECF Dkt. #1 at 5. On that same date, Plaintiff states that she was instructed by the Deputy Director to file for a job demotion. *Id*. Plaintiff avers that the demotion was retaliatory in nature due to her allegations of sexual assault against Defendant Ladd. *Id.* On or about March 20, 2009, Plaintiff filed a grievance with AFSCME 2696 Union based on the events that occurred on March 17, 2009. *Id.* As a consequence of this event, Plaintiff alleges she was "denied requests for vacation time, was transferred to another building and experienced changes in her job classification- all of which Plaintiff alleges as retaliatory in nature." *Id.* Plaintiff avers that her work conditions were so severe and abusive that she was forced to apply for and accept this demotion. *Id.*

In count one, Plaintiff alleges that Defendant SCDJFS acquiesced in creating a hostile environment by allowing Defendant Ladd to discriminate against her. ECF Dtk. #1 at 5. Plaintiff argues that Defendant SCDJFS is vicariously liable for sexual harassment by its supervisors since

it allowed Defendant Ladd to remain in her supervisory position and in doing so, permitted her to continue to harass Plaintiff. *Id.* at 6. Plaintiff avers that Defendant SCDJFS knew or should have known that Defendant Ladd would continue to intimidate and harass Plaintiff. *Id*. Consequently, Plaintiff alleges that she suffered a job detriment from Defendant SCDJFS' failure to stop the harassment and hostile work environment. *Id*. Plaintiff avers she has suffered lost income, and has incurred pain and suffering and expenses in pursuing this action. *Id.* Plaintiff further alleged that she has "suffered pecuniary loss emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses, and Plaintiff will with reasonable certainty continue to suffer from aforementioned losses in the future." *Id*. at 6-7.

In count two of her complaint, Plaintiff alleges a state claim of assault and battery against Defendant Ladd from the incident that occurred on January 22, 2009. ECF Dkt. #1 at 7. Plaintiff avers that Defendant Ladd sexually assaulted her "so as to intimidate and to cause fear and apprehension that she would make contact with her in such an appalling manner." *Id*. During this incident, Plaintiff alleges that Defendant Ladd made unwelcome physical contact with her and consequently, she suffered and continues to suffer from mental anguish, emotional distress, and loss of personal dignity. *Id*. at 7-8.

In count three of Plaintiff's complaint, she alleges a state claim of intentional infliction of emotional distress against Defendant Ladd based on the alleged sexual assault and battery noted above. ECF Dkt. #1 at 8. Plaintiff avers that Defendant Ladd intended to cause or should have known that her conduct would cause emotional distress. *Id*. Plaintiff avers that she has "suffered and continues to suffer the injuries as described herein to the extent that they or no reasonable person, normally constituted would be able to cope with the mental and emotional distress engendered by the circumstances of the case, such as those complained herein." *Id*. Further, Plaintiff states that her emotional distress is permanent and will require continued psychological care and treatment in the future. *Id*. at 8-9.

In the fourth count of her complaint, Plaintiff alleges that Defendant Ladd individually and

in her official capacity as supervisor for Defendant SCDJFS violated the Ohio Civil Rights Act, Ohio Revised Code § 4112. ECF Dkt. #1 at 9. Plaintiff alleges that Defendant Ladd illegally discriminated against her by engaging in sexual harassment as a supervisor with unwelcome conduct, based on sex, which "created a hostile work environment and/or sufficiently severe to cause an adverse employment as described and pleaded supra." *Id.* As a direct consequence of Defendant Ladd's harassment, Plaintiff avers that she has suffered "pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of income, out of pocket expenses for this action and for future employment and other pecuniary and non-pecuniary losses, and Plaintiff will continue to suffer from aforementioned losses." *Id*.

On February 24, 2011, Defendants filed a motion for summary judgment. ECF Dkt. #31. Plaintiff filed a brief in opposition to Defendants' motion for summary judgment on March 15, 2011. ECF Dkt. #33.

## **II**. **STANDARD OF REVIEW**

The Court should grant summary judgment "where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Johnson v. Karnes*, 398 F.3d 868, 871-873 (6th Cir. 2005). The Court must decide, "Whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-252 (1986).

A party seeking summary judgment bears the initial burden and must inform the District Court of the basis for its motion. *Celotex*, 477 U.S. at 323. Further, the moving party must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" which demonstrate the absence of a genuine issue of material

fact. *Id*. The moving party must make a showing that no reasonable jury could find other than for the moving party. *Calderone v. U.S.*, 299 F. 2d 254, 259 (6th Cir. 1986).

Once the moving party satisfies its burden, the nonmoving party must demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc*., 8 F.3d 335, 340 (6th Cir. 1993), citing *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To prevail, the non-moving party must rebut such a showing by presenting sufficient evidence on which a jury could reasonably find in its favor. *McLean v. 988011 Ontario, Ltd*., 224 F.3d 797, 800 (6th Cir. 2000). The non-moving party must present "some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-289 (1968).

## III. LAW AND ANALYSIS

### A. Hostile Work Environment Sexual Harassment

Title VII prohibits employers from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A § 2000e-2(a)(1). A plaintiff may establish a violation of Title VII by proving that the discrimination based on sex created a hostile or abusive work environment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 62 (1986). Discrimination in this form occurs "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). The Supreme Court has held that same-sex harassment is actionable under Title VII. *Oncale v. Sundowner Offshore Servs., Inc*., 523 U.S. 75, 82 (1998).

In her complaint, Plaintiff alleges that Defendant Ladd committed unwanted and unwarranted sexual advances toward her in the form of comments, gestures and actions. ECF Dkt. #1 at 4. Plaintiff avers that Defendant SCDJFS allowed and acquiesced in creating a hostile work

environment by permitting Defendant Ladd to discriminate against and harass her such that she had to take a demotion. *Id*. at 5. Plaintiff testified that Defendant Ladd questioned her about what she was wearing ten times over a period of five years. ECF Dkt. #32-1 at 76. Plaintiff cited the following incidences: (1) Defendant Ladd commenting on Plaintiff's outfit stating "you leave nothing to the imagination" in June or August of 2008; (2) Defendant Ladd telling her in 2007 that she does not always correct her clothing because Plaintiff makes it look "classy when [she] wear[s] it;" (3) Defendant Ladd calling her "Pebbles" on December 18, 2008; (4) Defendant Ladd attempting to bump into Plaintiff in March or April 2008 when she and a group of others were made to come in from break; (5) Defendant Ladd observing her work in November 2008 and stating she was glad Plaintiff was doing her work; (6) Defendant Ladd saying Plaintiff walked like a model; (7) Defendant Ladd bothering Plaintiff prior to a meeting in April 2007; (8) Defendant Ladd agreeing with Plaintiff when she said she "was fuller on top" in November 2008; and (9) Defendant Ladd slapping Plaintiff on her backside on June 22, 2010. ECF Dkt. # 32 at 4; ECF Dkt. #s 32-1 at 76-78, 85-91, 94-95, 97, 100, 106.

Although all of the incidences and pattern of conduct highlighted are not sexual in nature, they may still be actionable as sexual harassment so long as they meet the "based on sex" requirement. "Harassing behavior that is not sexually explicit but is directed at women and motivated by discriminatory animus against women satisfies the based on sex requirement." *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 565 (6th Cir. 1999). Further, the Court must look at these allegations in the totality of the circumstances. *Id*. at 562. This does not mandate the Court to decide, "whether each incident of harassment standing alone is sufficient to sustain the cause of action in a hostile environment case, but whether- taken together- the reported incidents make out such a case." *Id*.

In order to establish a prima facie case of hostile work environment based on sexual harassment against Defendants as Plaintiff alleges here, she must show: (1) she was a member of a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was

based on sex; (4) the harassment unreasonably interfered with her work performance by creating a hostile, offensive, or intimidating work environment; and (5) that there is a basis for employer liability. *Thorton v. Fed. Express Corp.*, 530 F.3d 451, 455 (6th Cir. 2008). An employer is subject to vicarious liability for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. *Faragher v. Boca Raton*, 524 U.S. 775, 807 (1998). Employers have an affirmative duty to prevent sexual harassment by supervisors. *Williams*, 187 F.3d at 561. Once a plaintiff has established actionable discrimination, the inquiry turns on whether a supervisor's harassment culminated in a "tangible employment action." *Id*. If a plaintiff can prove a tangible employment action, liability is automatic; if there was no tangible employment action, employers have an affirmative defense to liability. *Id*.

The Court finds that Plaintiff has satisfied the first two elements of the prima facie case of hostile work environment based on sexual harassment. Defendants concede that Plaintiff, a female, is a member of a protected class. ECF Dkt. #31, at 5. In order to determine the second element, courts look at "whether [Plaintiff] by her conduct indicated that the alleged sexual advances were unwelcome." *Meritor*, 477 U.S. at 68. The conduct is unwelcome if the plaintiff "neither solicited it nor invited it and regarded the conduct as undesirable or offensive." *Jaques v. Herbert*, 447 F. Supp. 2d 858, 867 (N.D. Ohio 2006). Plaintiff has shown that she clearly regarded Defendant Ladd's conduct as undesirable as she filed a complaint on February 27, 2009 based upon Defendant Ladd's alleged harassment. ECF Dkt. #1 at 4. Further, Plaintiff alleges in her complaint before this Court that Defendant Ladd's sexual advances were unwanted. *Id*. Therefore, Plaintiff adequately establishes the first and second elements of the hostile work environment claim.

Plaintiff and Defendants do not specifically address the third element in their summary judgment briefs. However, Defendants cite evidence more appropriate and relevant to this element while discussing element four. To satisfy the third element, Plaintiff "must show that but for the fact of her sex, she would not have been the object of harassment." *Williams*, 187 F.3d at 565; *see Henson v. Dundee*, 682 F.2d 897, 904 (11th Cir. 1982). Sexual desire need not be the motivator

for the harassing conduct. *Oncale*, 523 U.S. at 80. Furthermore, the United States Supreme Court has held that "nothing in Title VII bars a claim of discrimination 'because of…sex' merely because the plaintiff and defendant (or the person charged with acting on behalf of the defendant) are of the same sex." *Id*. at 79. The question is "whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Id*. at 80. Plaintiff admits in her brief in opposition to the motion for summary judgment that Larry Alltop, a male employee, filed a hostile work environment complaint against Defendant Ladd. ECF Dkt. #33 at 11. Title VII "does not cover the equal opportunity… harasser" as the harassment is not based on sex. EEOC v. Harbert-Yeargin, Inc., 266 F.3d 498, 507 (6th Cir. 2001). Accordingly, Plaintiff fails to show that Defendant Ladd treated women and men differently as Larry Alltop filed a hostile work environment complaint against Defendant Ladd as well. ECF Dkt. #33 at 11. Thus, Plaintiff fails to establish the third element of her prima facie case.

Even if Plaintiff had addressed and succeeded on the third element, she nevertheless fails to satisfy the fourth element of her prima facie case for her hostile work environment claim. Both the Plaintiff and Defendants focus on the fourth element of the prima facie case of a hostile work environment claim. In order to meet the fourth element, a plaintiff must show that the conduct was sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment. *Harris*, 510 U.S. at 21. The conduct must be judged by both an objective and subjective standard: "the conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive, and the victim must subjectively regard that environment as abusive." *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 826 (6th Cir. 1997). To determine whether the alleged harassment is sufficiently severe or pervasive to constitute a hostile work environment, the court must consider the totality of circumstances. *Harris*, 510 U.S. at 23. Among the factors to be considered are "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere

offensive utterance; and whether it unreasonably interferes with an employee's work performance.' *Id*.

Both Defendants and Plaintiff dispute whether Plaintiff subjectively found the environment to be abusive. It is no long necessary for the plaintiff to show that the work environment seriously affected her psychological well being in order to establish the subjective component. *Harris*, 510 U.S. at 22-23. Plaintiff need only show that the harassment interfered with her ability to do her job. *Williams*, 187 F.3d at 567. Defendants argue that Plaintiff did not subjectively perceive the environment to be abusive, as she did not report any of the alleged harassment before the incident that occurred on January 22, 2010. ECF Dkt. #32 at 8-11. However, the subjective component of the prima facie case does not require that a plaintiff report a hostile work environment. *Williams*, 187 F.3d at 566.

Furthermore, Defendants asked a series of question that inquired about whether Plaintiff thought Defendant Ladd's alleged harassment was based on sex. ECF Dkt. #32 at 9-11. However, the correct inquiry is whether Plaintiff "subjectively perceived the environment as abusive" by showing the alleged harassment "interfered with her ability to do her job." *Williams*, 187 F.3d at 567. Plaintiff need not prove that her "tangible productivity has declined as a result of the harassment. The employee need only show that the harassment made it more difficult to do the job." *Davis v. Monsanto Chem. Co*., 858 F.2d 345, 349 (6th Cir. 1988). Plaintiff averred it was more difficult to do her job as she was losing focus after the incident that occurred on January 22, 2010. ECF Dkt. #32-1 at 132. Plaintiff further points to her mental breakdown, as indicative of her subjective belief the environment was hostile. ECF Dkt. #33 at 9. Therefore, when viewing the evidence in light most favorable to the non-moving party, Plaintiff has adequately satisfied the subjective component.

However, based upon the totality of the circumstances, this Court concludes that the alleged harassment was not sufficiently severe or pervasive in this case and thus Plaintiff fails to satisfy the objective component of the fourth element. In terms of frequency, the Court finds that

Defendant Ladd's conduct lacks the continuous nature of conduct required by the Sixth Circuit. *Deters v. Rock-Tenn Co*., 245 F.App'x 516, 522-524 (6th Cir. 2007) (constant preoccupation and unwelcome communication about the harassing party's sexual prowess on a daily basis satisfied the fourth element); *Williams*, 187 F.3d at 564 (fifteen alleged incidents over a one-year period including vulgar comments, derogatory remarks about women, and unwelcome sexual advances were sufficiently severe and pervasive); *Clark v. United Parcel Serv*., 400 F.3d 341, 351 (6th Cir. 2005) (three incidents of offensive touching and remarks experience by plaintiff was insufficient to survive summary judgment while seventeen incidents of harassment experienced by second plaintiff were sufficient because "present[ed] more of an ongoing pattern of unwanted conduct and attention").

Although relatively sporadic throughout the years, the frequency of the comments that Defendant Ladd made in this case could be deemed frequent, as they were continuous in duration. However, the most egregious instance and the only incident actually reported to Defendant SCDJFS, the backside-slapping incident, occurred only one time. Because it was an isolated incident, it lacks the necessary pervasiveness to satisfy the fourth element. Therefore, Plaintiff failed to establish a common pattern or practice.

In addition, this Court finds that Plaintiff's allegations also lack the necessary severity in order to satisfy the fourth element. In *Hawkins v. Anheuser-Busch, Inc*., 517 F.3d 321, 334 (6th Cir. 2008), plaintiff survived summary judgment on the issue of severity when her supervisor "made regular crass and sexual references to her private body parts, requested oral sex in graphic terms, and solicited sex from her on multiple occasions, regularly attempted to touch her while they worked on the line, rubbed against her with his private parts, and tried to grab her waist." In *EEOC v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 508-509 (6th Cir. 2001), the plaintiff made a prima facie showing of a hostile workplace where a male supervisor grabbed a male employee's genitals on two separate occasions, stalked the employee several times, and the employee's co-worker taunted him for making a harassment complaint. Plaintiff's allegations in this case regarding

Defendant Ladd's conduct do not rise to the level of severity established in these cases.

While several of Defendant Ladd's comments and the physical contact were inappropriate, the incidents collectively do not rise to the "physically threatening" or "humiliating" level of severe conduct required to create an objectively hostile environment under Title VII. Defendant Ladd's comments do not contain physically threatening overtones. Furthermore, although unprofessional, Defendant Ladd's comments about Plaintiff's clothes are not objectively humiliating. The only incident that may be seen as objectively threatening was in March or April 2008 when Defendant Ladd attempted to bump into Plaintiff when she and a group of others were made to come in from break. Although Plaintiff asserts that Defendant Ladd was angry, she did not indicate that she felt physically threatened and she did not report this incident. ECF Dkt. #32-1 at 92.

Further, the comments and conduct in the instant case are not even as severe or pervasive as those cases in which the Sixth Circuit found the requisite severity and pervasiveness lacking in order to overcome summary judgment on a hostile work environment claim. In *Bowman v. Shawnee State University*, 220 F.3d 456, 459-464 (6th Cir. 2000), the Court held that severity was lacking where a supervisor rubbed an employee's shoulders, grabbed his buttocks while stating that she controlled [his] "ass" and would do whatever she wanted with it, suggested that the employee could use her whirlpool with her, suggested that the employee should come to her home without his girlfriend next time, and placed her hands on the employee's chest. Further, the Sixth Circuit held that a single battery coupled with two merely offensive remarks over a six month period did not create an issue of material fact as to whether the conduct alleged was sufficiently severe to create a hostile work environment. *Burnett v. Tyco Corp.*, 203 F.3d 980, 985 (6th Cir. 2000).

In addition, a hostile work environment was not shown where a male supervisor continuously made sexually suggestive comments about the female plaintiff's appearance, touched her breast as he removed and replaced a pen from her shirt pocket, leered at her, and told her that if he had someone like her, he would never let her leave the house. *Stacey v. Shoney's, Inc.*, No.

97-5393, 142 F.3d 436, at 1 (6th Cir. Mar. 31, 1998), unpublished.

Viewing the totality of the circumstances in this case, the Court finds that Defendant Ladd's conduct does not rise to the level of severity or pervasiveness required by the Sixth Circuit. Simple teasing and offhand comments will not amount to discriminatory changes in the terms and conditions of employment. *Faragher*, 524 U.S. at 778. Defendant Ladd's conduct is more consistent with the teasing and offhand comments that do not discriminatorily change the terms and conditions of employment. *Id.* And while Defendant Ladd's touching of Plaintiff's backside is totally inappropriate, this isolated incident, even coupled with the other alleged incidences and comments, does not rise to the level of severity outlined by the Sixth Circuit. Therefore, Plaintiff has failed to satisfy the fourth element of her hostile work environment claim.

Since the Court has concluded that Plaintiff cannot demonstrate the existence of a hostile work environment, there is no need to reach the issue of vicarious liability, which is Plaintiff's claim against Defendant SCDJFS in count one. An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998). Since Plaintiff cannot establish an actionable hostile work environment, she cannot establish her claim of vicarious liability against Defendant SCDJFS.

**B. Quid Pro Quo Sexual Harassment**

In addition, Plaintiff fails to satisfy the quid pro quo sexual harassment claim. In order to prevail on a quid pro quo claim of sexual harassment, a plaintiff must show: (1) that the employee was a member of a protected class; (2) that the employee was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors; (3) that the harassment complained of was based on sex; (4) that the employee's submission to the unwelcomed advances was an express or implied condition for receiving job benefits or that the employee's refusal to submit to a supervisor's sexual demands resulted in a tangible job detriment; and (5) the existence of respondeat superior liability. *Highlander v. K.F.C. Nat'l Management Co.*, 805 F.2d 644, 648

(6th Cir. 1986).

The element in dispute is whether Plaintiff has shown "that the employee's submission to the unwelcomed advances was an express or implied condition for receiving job benefits or that the employee's refusal to submit to the supervisor's sexual demands resulted in a tangible job detriment." *Highlander*, 805 F.2d at 648. Plaintiff avers that, "Ladd's quid pro quo harassment resulted in a tangible and adverse employment action- demotion- which constitutes a tangible deduction in rank." ECF Dkt. #1, at 4-5. Plaintiff further avers:

> A reasonable fact-finder could causally link Plaintiff's declining job performance (employment detriment), as an implied condition to her declination of Ladd's sexual advances (applying the court's rule in *Highlander* that the employee's submission to the unwelcome advances was an express or implied condition for receiving job benefits or that the employee's refusal to submit to a supervisor's sexual demands resulted in a tangible job detriment).

ECF Dkt. #33 at 6.

There is no evidence in the record of an expressed sexual demand by Defendant Ladd. Further, Plaintiff alleges an implied demand but fails to show or set forth any evidence of such a demand. Consequently, the record is devoid of any evidence tending to demonstrate that Plaintiff was denied a job benefit or suffered a job detriment for a failure to accede to the sexual demands of Defendant Ladd. Accordingly, the Court GRANTS summary judgment in favor of Defendants on this claim.

**C. Retaliation**

Defendants also move for summary judgment as to two instances of retaliatory conduct that Plaintiff alleges: a demotion and a denial of vacation time. In order to prove a claim for retaliation, Plaintiff must demonstrate that (1) she engaged in protected activity; (2) the exercise of her civil rights was known by defendant; (3) defendant thereafter took adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. *Hawkins*, 517 F.3d at 345. Title VII makes it unlawful for an employer to "discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any

manner in an investigation, proceeding, or hearing under [Title VII]." U.S.C. § 2000(e)-3(a). Unlawful employment practices under Title VII include actions taken because of race, color, religion, sex, or national origin that discriminate with respect to "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2.

In regard to the demotion, Plaintiff fails to satisfy the third and fourth elements of retaliation. Plaintiff states that she accepted a "lateral transfer" on November 17, 2008. ECF Dkt. #33 at 12. She also calls the “lateral transfer” a “voluntary demotion.” *Id*. Regardless of the designation given the alleged employment action, Plaintiff admitted that at the time that she took the voluntary demotion or lateral transfer, she had not yet filed her EEOC complaint or a complaint in this Court. ECF Dkt. #32-1 at 18-25. She also indicated that she did have various discussions with supervisors over alleged harassment by her previous supervisor, Carolyn Ambrose. *Id*. Plaintiff has failed to show that her acceptance of a lateral transfer or voluntary demotion was based upon the claims that she alleges against Defendant Ladd or due to her reporting of Defendant Ladd’s conduct to Defendant SCDJFS. Therefore, Plaintiff fails to demonstrate that Defendant SCDJFS took an adverse employment action against her after Plaintiff engaged in protected activity with regard to the lateral transfer/voluntary demotion on November 17, 2008.

With regard to the alleged denial of vacation time, Plaintiff satisfies the first element of a retaliation claim as she filed a grievance and subsequently filed a complaint with the Ohio Civil Rights Commission as a response to Defendant Ladd's alleged conduct. ECF Dkt. #32-1 at 123-125. In addition, Plaintiff filed a grievance with AFSCME 2696 Union on March 20, 2009 based on a separate incident where she was asked to perform duties outside her job classification. ECF Dkt. #1 at 5. Plaintiff also satisfies the second element of her claim, as Defendants were aware that Plaintiff engaged in protected activity by filing the grievance.

In order to establish the third element of her retaliation claim, that Defendant took an adverse employment action against her, Plaintiff must “identify a materially adverse change in the

terms and conditions of [her] employment to state a claim of retaliation under Title VII." *Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999). In *Hollis*, the Sixth Circuit Court of Appeals noted that it had previously adopted the Seventh Circuit Court of Appeals' following explanation of the requirements for establishing a materially adverse employment action in age discrimination claims and claims regarding the American with Disabilities Act as the Seventh Circuit used or age discrimination claims:

> [A] materially adverse change in the terms and conditions of employment must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.

*Id.*, quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993).

The Court finds that Plaintiff fails to meet this element. Plaintiff fails to show that Defendants' reason for holding her vacation time request constituted a materially adverse change in the terms and conditions of her employment, as opposed to a mere inconvenience. Further, Plaintiff testified in her deposition that she was ultimately able to go on vacation. ECF Dkt. #32-1 at 64. In her response to the motion for summary judgment, Plaintiff offers no facts or evidence regarding this element and appears to abandon the denial of vacation time as an adverse employment action, only mentioning it to emphasize that the adverse employment action was the lateral transfer/voluntary demotion. ECF Dkt. #33 at 12. While the denial of vacation time could in some circumstances constitute an adverse employment action, Plaintiff in this case points to no facts establishing such an action and in fact conceded that she was ultimately able to go on vacation.

**D.** **State Law Claims**

With the granting of summary judgment for Defendants on Plaintiff's federal claims, the only remaining claims are Plaintiff's state law claims against Defendant Ladd for assault and battery (count two), intentional infliction of emotional distress (count three), and violations of the Ohio Civil Rights Act (count four). The Court declines to address these claims because the Court

has granted summary judgment for Defendants on Plaintiff's federal claim. Thus, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3); *see Valot v. Southeast Local Sch. Dist. Bd. of Educ*., 107 F.3d 1220, 1230 (6th Cir. 1997).

## **IV. CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motion for summary judgment as to Plaintiff's federal claims of violations of the Civil Rights Act of 1964 and 1991 (count one). ECF Dkt. #31. Since no federal claims remain, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Defendant Ladd for assault and battery (count two), intentional infliction of emotional distress (count three), and violations of the Ohio Civil Rights Act (count four). The Court therefore dismisses the first count of Plaintiff's complaint with prejudice and dismisses the second, third and fourth counts of her complaint without prejudice.

IT IS SO ORDERED.

Dated: July 14, 2011

/s/George J. Limbert
GEORGE J. LIMBERT
U.S. MAGISTRATE JUDGE